IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS IRVIN, | ) | |
| Plaintiff, | ) ) | |
| | ) | NO. 3:21-cv-00382 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| JUDGE CHARLES SMITH, et al., | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 29), recommending that the three pending Motions to Dismiss (Doc. Nos. 12, 22, and 23 ("Motions")) be granted and that Plaintiff's action be dismissed. Plaintiff, proceeding *pro se*, has filed a "Preliminary Statement Pursant [sic] 5-5.124 Service of Process and Federal Rule Civ. P. 4(i)(1)(B)" (Doc. No. 30, "Preliminary Statement"), which the Court construes as objections to the Report and Recommendation.[1]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

---

[1] On June 22, 2022, the Magistrate Judge issued his Report and Recommendation recommending dismissal of Plaintiff's action. At that time, Plaintiff had fourteen days in which to file any objections. Plaintiff postmarked his "Preliminary Statement" on July 7, 2022, and it was received and filed with the Court on July 11, 2022, which is not within the fourteen-day window to object to the Report and Recommendation. The untimeliness of the Preliminary Statement is ultimately immaterial because the Court finds that it does not actually object to any particular portion of the Report and Recommendation in any event.

Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a Report and Recommendation, and Local Rule 72.02(a) provides that "such objections must be written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made." The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's objections (the Preliminary Statement), and the file. Though the Preliminary Statement mentions various legal principles raised in the Report and Recommendation, it does not coherently state any specific objections to any part of the Report and Recommendation. As the undersigned has previously noted, an objection is not a "proper" objection where a plaintiff "does not point out specifically where she believes the Magistrate Judge erred, whether it be in fact-finding, in legal analysis, or otherwise." *Arteaga v. Cinram-Technicolor*, No. 3:19-CV-00349, 2022 WL 1256659, at *1 (M.D. Tenn. Apr. 27, 2022) (Richardson, J.) (declining to review purported "objections" to a report and recommendation where "Plaintiff merely recites her arguments as if she were arguing them in the first instance"). *See also Jackson v. Covenant Transp.*, No. 3:09-CV-0614, 2011 WL 5859515, at *1 (M.D. Tenn. Nov. 22, 2011) (holding that the court could not conduct a *de novo* review of plaintiff's filing in response to a report and recommendation (containing pages of "rambling discourse") because the plaintiff "identified no factual or legal reason why the court should reject the Report and

Recommendation, which thoroughly and competently addresses whether or not the plaintiff's case should be dismissed"); *Jackson v. Soc. Sec. Admin.*, No. 3:20-CV-00818, 2021 WL 8013869, at *1 (M.D. Tenn. Sept. 8, 2021) ("An objection is 'properly' made if it is sufficiently specific to 'enable[ ] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'") (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

While the Court grants Plaintiff the leniency it customarily affords *pro se* litigants when viewing objections to a Report and Recommendation, even a good deal of leniency here would not be enough for Plaintiff, because he generally fails to state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made—let alone explain why any objection to such portion should be sustained. True, Plaintiff does allude to concepts relied on in the Report and Recommendation, such as res judicata and Eleventh Amendment immunity. But in alluding to those concepts, Plaintiff does no more than provide a rambling and unintelligible "opinion" on the concepts without making any argument related to the Report and Recommendation's reasoning on the issue.

For example, in response to the Report and Recommendation's conclusion that Plaintiff's claims against Governor Lee and the Tennessee Department of Safety and Homeland Security should be dismissed because the parties are protected by Eleventh Amendment immunity, Plaintiff states (among other things):

> The State and or the Defendant's herein have given consent to be sued by their documented answers in which they give reasons they cannot be sued that can rightly be contested as is being done throughout this litigation meaning The State has given right to be sued by their arguments that legally have to be contested as is being done and has been done herein

and

> That monetary damages from State Officials are not being sought as has been clearly stated that the The [sic] State Of TN Dept. Homeland Security and Governor

> Bill Lee [whom should be made aware of legal situations such as this] have not been sued but listed because they should know that their employee's [Judge Charles Smith] has selective and/or personal interpretations of the law when confronted with Afro-America's such as herein Petitioner that did meet the just court demands in a timely fashion but justly sued for selective interpretations of the law that is unjustly issued by herein Defendant Judge Charles Smith that most clearly shown and/or expressed his standard clearly unacceptable bias toward an Afro-American that presented in a timely fashion the demands of the legal system in a timely fashion[.]

(Doc. No. 30 at 6-7).[2] Try as it may, the Court cannot glean from this stream of consciousness any factual or legal reason why the Court should reject the Report and Recommendation's conclusion on the issue of Eleventh Amendment immunity. Plaintiff treats the other issues (including res judicata and judicial immunity) the same way—mentioning the concepts generally, and giving a disjointed and rambling discourse on the topics, without specifically arguing why the Report and Recommendation reached an erroneous conclusion on any particular issue.

The general unintelligibility of the Preliminary Statement supports the Court's conclusion that no specific objections are contained therein. For example, Plaintiff includes bizarre statements, seemingly directed at either the Court or the magistrate judge, such as "You are at your best appearing to be just and I hope Hell has a place for you that you soon see." (Doc. No. 30 at 9). Additionally, the pages of the Preliminary Statement are out of order,[3] with some pages (such as Plaintiff's pages 7 and 8) appearing multiple times and others (such as Plaintiff's page 12) not

---

[2] When citing herein to a page in the Preliminary Statement, the Court cites to the page number ("Page ___ of ___") added by the Clerk's Office as part of the pagination process associated with Electronic Case Filing, rather than the page number provided by Plaintiff as the author.

[3] To be clear, the Court means that some of the pages, as numbered by Plaintiff (and not as numbered by the Clerk's Office), appear out of order, appear more than once, or are missing entirely. The Clerk's office has applied a single number to each page found within the Preliminary Statement at Doc. No. 30, but some of the pages found within the Preliminary Statement at Doc. No. 30 are duplicative of one another.

appearing at all.[4] Thus, the Court need not review any specific aspect of the Report and Recommendation, and the Report and Recommendation is adopted and approved.

For these reasons, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation (Doc. No. 29). The Motions (Doc. Nos. 12, 22, 23) are **GRANTED**, Plaintiff's Complaint is **DISMISSED**, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case under Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that it does not rest its conclusion on this point, however, as it is aware that issues with pagination conceivably (though unlikely) could have occurred during the process of Plaintiff's hard-copy filing being physically scanned and entered electronically into the Court's docket system (PACER) by the Clerk of Court, as would be the procedure for *pro se* litigants like Plaintiff who lack ECF filing privileges.